UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMPIRE STATE CARPENTERS WELFARE, PENSION
ANNUITY, APPRENTICESHIP, CHARITABLE
TRUST, LABOR MANAGEMENT COOPERATION,
and SCHOLARSHIP FUNDS,

                                Plaintiffs,

**REPORT AND RECOMMENDATION**

          - against -

CV 11-46 (JS) (AKT)

DARKEN ARCHITECTURAL WOOD,

                                Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      Plaintiffs Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust, Labor Management Cooperation and Scholarship Funds ( "Plaintiffs" or the "Funds") bring this action against Darken Architectural Wood (the "Defendant" or "Darken") for an audit of Defendant's wage, payroll and personnel records as well as reasonable attorneys' fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. After Defendant failed to answer or otherwise move with respect to the Complaint, Plaintiffs moved for an entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure.[1]  *See* DE 3. Defendant's default was entered by the Clerk of the Court on March 21, 2011. DE 4. Plaintiffs now move for an entry of default judgment against Darken. DE 5. This

---

[1] For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b).

motion was referred to me by Judge Seybert for a Report and Recommendation as to whether the motion should be granted, and, if so, to determine the appropriate amount of damages, if any, to be awarded to the Plaintiffs.

Plaintiffs seek a judgment (1) compelling the Defendant to permit an audit of Defendant's books and records for the period running from January 1, 2007 through the date of judgment; and (2) attorneys' fees and costs totaling $1,385.00. Based upon the information submitted by Plaintiffs, and for the reasons set forth below, the Court respectfully recommends to Judge Seybert that a default judgment be entered against Defendant Darken and that Plaintiffs be awarded $1,305 in attorneys' fees and costs, and that Defendant be directed to permit Plaintiffs to conduct an audit of its books and records for the period covering January 1, 2007 through the date of judgment.

## II.   BACKGROUND

The Funds involved in this case are multi-employer employee benefit plans. Compl. ¶ 3. Darken has been a party to one or more collective bargaining agreements with the Empire State Regional Council of Carpenters (the "Union") as well as to the Restated Agreements and Declarations of Trust of the Funds (collectively, "the Agreements"). *Id.* ¶ 6. Pursuant to the Agreements, Defendant is obligated to comply with its terms, which include making contributions to the Funds for those employees covered by the Agreements. *Id.* The Agreements specifically provide that the Trustees have a right to examine and copy any of the employer's books, papers and reports which will permit the Trustees to determine whether the Defendant is making full payment of the benefit contribution amounts required by the Agreements. The Agreements further require the employer to provide these documents upon request. *Id.* ¶¶ 7-8.

On November 15, 2010, a letter was sent by Plaintiffs' counsel to the Defendant notifying the company that the Funds intended to audit Defendant's employee payroll records for the period covering January 1, 2007 through June 30, 2010. *Id.* ¶ 9. Despite this letter, Defendant failed to provide Plaintiffs with the necessary financial records to conduct an audit for the requested period. *Id.* ¶ 10.

### III. APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *See* Fed. R. Civ. P. 8(b)(6); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at \*2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009). The fact that a complaint remains unanswered will not suffice to establish liability on its claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading." *Said v. SBS Elecs., Inc.*, No. CV 08-3067, 2010 WL 1265186, at \*2 (E.D.N.Y. Feb. 24, 2010), *adopted as mod. by* 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010). "[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Id.*

In addition, in determining whether a default judgment should be entered, courts have considered the same factors which apply to a motion to set aside entry of a default: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's

claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02 Civ. 9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); *see also O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (finding that courts may consider "numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt" when deciding a motion for default judgment) (internal quotations and citation omitted). Ultimately, the decision to grant a motion for default judgment is left to the sound discretion of the district court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotations omitted); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1983) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits.").

IV. **DISCUSSION**

    A. **Default**

As to the first factor, the failure of the Defendant to respond to the Complaint, under the present facts, sufficiently demonstrates willfulness. *See Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiffs submitted to the Court an Affidavit of Service demonstrating that an authorized agent of the Defendant was personally served with the Summons and Complaint by a private process server

on February 24, 2011. *See* DE 2. Darken neither answered nor responded in any way to the Complaint, nor did it request an extension of time to respond. In addition, Plaintiffs provided the Court with a Certificate of Service indicating that a copy of Plaintiffs' Statement of Damages was served on Defendant via first class mail on July 20, 2011.[2] *See* DE 6. Collectively, the court file removes any doubt that the Defendant's failure to respond to the Complaint, despite being properly served, was anything but deliberate.

Next, the Court is unable to make a determination whether the Defendants have a meritorious defense since no such defense has been presented to the Court. Although Defendant's default constitutes an admission of all the factual allegations in the Complaint as they relate to liability, Plaintiff must nevertheless demonstrate that the uncontested allegations actually set forth valid claims. *Said*, 2010 WL 1265186, at *2. In this case, the Complaint sufficiently alleges Defendant's violation of ERISA. In particular, the relevant portion of the ERISA statute, namely Section 1145 states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. The Complaint alleges that the Funds are multi-employer employee benefit plans, within the meaning of ERSIA, 29 U.S.C. §§ 1002(3), (37), and the Defendant is an "employer" as that term is defined under 29 U.S.C. § 1002(5). Further, the Complaint alleges that while the Agreements obligate Darken to cooperate in the Plaintiffs' audit of Defendant's

---

[2] The Court also notes that the Clerk's Entry of Default indicates that a copy of the Entry was mailed to the Defendant. *See* DE 4.

books and records in order to determine the amount of contributions due and owing, the Defendant has failed to provide Plaintiffs with requested financial records in order to conduct the audit. As such, the requirements of the ERISA statute have been met.

The last factor to consider is whether the non-defaulting party would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiffs "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* No. 06 Civ. 14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders.,* 2003 WL 1960584, at *3). Without an audit of Defendant's books and records, Plaintiffs will be unable to ascertain the amount of delinquent contributions owed by the Defendant. Since all three factors necessary to establish a default have been satisfied, I respectfully recommend to Judge Seybert that a default judgment be entered against Defendant Darken.

**B.     Audit**

Plaintiffs seek an order requiring the Defendant to submit to an audit of its books and records for the period covering January 1, 2007 through the entry of judgment. Article II, Section 14 of the operative Trust Agreement provides as follows:

> The Trustees shall have the power to require an Employer to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Agreement and Declaration of Trust. The Trustees or any authorized agent or representative of the Trustees shall have the right, at all reasonable times during business hours, to enter upon the premises of Employers to examine and copy such of the books, records, papers, and reports of said Employers as may be necessary, and as well as available under the applicable Collective Bargaining Agreement, to permit the Trustees to determine whether said Employers are making full payment to the Trustees of the amounts required by the aforementioned Collective

Bargaining Agreement.

*See* Decl. of Owen M. Rumelt in Supp. of Pls.' Mot. for a Default J. [DE 8], Ex. A. at 15. Section 1132(g)(2) of ERISA authorizes a court to award Plaintiffs "legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). Such relief has been regularly granted in this District. *See, e.g.*, *Empire State Carpenters Welfare v. M.V.M. Contracting Corp.*, No. CV 10-1801, 2011 WL 887726, at *2 (E.D.N.Y. Jan. 31, 2011) (recommending that the default judgment "include an order directing defendant to permit and cooperate in an audit of its books and records"); *Trustees of the Local 7 Tile Ind. Welfare Fund v. Exceptional Flooring, Inc.*, No. 10 CV 1883, 2011 WL 3625335, at *2 (E.D.N.Y. June 30, 2011) (finding that "plaintiffs are entitled to audit defendants' books and records" pursuant to the collective bargaining agreement). The applicable collective bargaining agreement also specifically provides that the Funds may "commence legal proceedings to compel an examination of the Employer's books and records for audit." *See* Pls.' Stmt of Damages [DE 5], Ex. A. at 9. Since Plaintiffs are entitled to audit Defendant's books and records, the Court respectfully recommends to Judge Seybert that the default judgment include an order directing the Defendant to permit Plaintiffs to conduct an audit of Darken's books and records for the period covering January 1, 2007 through the entry of judgment.

### C. Attorneys' Fees and Costs

Although a default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability, a plaintiff must still prove damages. *See Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005). The only question

remaining then is whether a plaintiff has provided adequate support for the relief being sought. *See Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. In determining damages not susceptible to simple mathematical calculations, Rule 55(b)(2) of the Federal Rules of Civil Procedure gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient. *See Action S.A. v. Marc Rich and Co.*, 951 F.2d 504, 508 (2d Cir. 1989). "The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *LaBarbera v. Les Sub-Surface Plumbing, Inc.*, No. 06-CV-3343, 2008 WL 906695, at *3 (E.D.N.Y. Apr. 3, 2008) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)). In this case, Plaintiffs have submitted a Declaration of Owen M. Rumelt, Esq., a shareholder of Levy Ratner, P.C., counsel for the Funds, in support of Plaintiffs' claim for attorneys' fees ("Rumelt Fee Decl."), with contemporaneous billing records annexed. The Court finds that Plaintiffs' submission provides sufficient evidence to form the basis for an award of damages without a further hearing.

The only damages sought by Plaintiffs are $1,385 in attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Plaintiffs request attorneys' fees in the amount of $955 for 7.4 hours of legal services. Rumelt Fee Decl. ¶¶ 9-11. Courts within the Second Circuit determine appropriate attorneys' fees according to a "presumptively reasonable fee" standard. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2007). This number should represent "what a reasonable, paying client would be willing to pay"

for legal services rendered, and a court should consider the following factors in its calculation:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Id.* at 184. The "presumptively reasonable fee" is comprised of a "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Comm'n Services, Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citations omitted). "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Id.* (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

To determine reasonable hourly rates, the Court notes this Circuit's adherence to the forum rule which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). In 2007, the Eastern District observed that "[o]verall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Cho v. Koam Medical Services PC,* 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (awarding fees in FLSA and New York Labor Law case based on $250 hourly rate for partner, $150 hourly rate for associate, and $75 hourly rate for legal assistant). It appears that these

9

figures, with minimal changes, remain in effect. *See Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843, 2010 WL 4392566, at *5 (E.D.N.Y. Oct. 29, 2010) ("Fee awards in this district in recent years have approved hourly rates in the range of $200 to $400 for partners, $100 to $295 for associates, and $70-$100 for paralegal assistants.").

In this matter, Plaintiffs retained the services of Levy Ratner, P.C. ("Levy Ratner"), located in Manhattan, New York. Partner Owen Rumelt charged Plaintiffs an hourly fee of $250 while Levy Ratner paralegals billed Plaintiffs a per hour fee of $75 for legal services. Rumelt Fee Decl. ¶ 4. These rates fall squarely within the parameters found reasonable by other courts in this District.

In addition, to determine whether the number of hours spent by plaintiffs' counsel was reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho*, 524 F. Supp. 2d at 209 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A party seeking an award of attorney's fees bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Id.* (internal citations, quotation marks, and alteration omitted).

Plaintiffs maintain that the 1.6 hours spent on this case by Owen Rumelt and the 7.4 hours of work by Levy Ratner paralegals were reasonable. To support these hours, Plaintiffs provided the Court with time records covering entries from November 2010 through July 2011. *See* Rumelt Fee Decl., Ex. A. The submitted time records describe what tasks were performed on behalf of Plaintiffs and who performed them, the dates on which such tasks were performed, and the amount of time expended. *Id.* These records evidence the reasonableness of the nine (9) hours of legal services expended by counsel in bringing this case to a resolution. As such, the Court finds that Plaintiffs are entitled to recover attorneys' fees is in the amount of $955.[3]

Lastly, Plaintiffs seek costs totaling $430. The costs for which the Plaintiffs seek reimbursement are: (1) $350 for filing the Complaint; and (2) $80 for service fees associated with service upon the Secretary of State for New York. Rumelt Fee Decl. ¶ 12. Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir. 1987). With regard to the filing fee, the Court can ascertain that Plaintiffs paid $350 to file their Complaint since this amount was acknowledged on the docket through receipt #4653023899. As for the service of process fees, Plaintiffs failed to submit any invoice or other documentation to substantiate this fee. While Plaintiffs' declaration states that the fee was incurred in serving the Secretary of State, the Court notes that the docket reflects an affidavit of service from the company Premier Legal Services, Inc. which indicates that the Defendant was personally served in New Jersey. Under these circumstances, the Court declines to award

---

[3] This figure represents compensation of $400 for Owen Rumelt (1.6 hours x $250) and $555 for the paralegals (7.4 hours x $75).

Plaintiffs with this additional $80 but with leave to renew this request if Plaintiffs can provide the underlying receipt for this expense within ten (10) days of the date of this Order. As such, the Court respectfully recommends to Judge Seybert that Plaintiffs be awarded attorneys' fees and costs in the amount of $1,305.

## IV. CONCLUSION

Based on the foregoing reasons, this Court respectfully recommends to Judge Seybert that a default judgment be entered against Defendant Darken in the amount of $1,305. The Court further recommends that Defendant be ordered to permit Plaintiffs to conduct an audit of Defendant's books and records for the period covering January 1, 2007 through the entry of judgment and that such audit be conducted within thirty (30) days after notice of entry of judgment.

Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation upon the Defendant forthwith by overnight mail and first class mail and to file proof of service on ECF.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections

for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
January 17, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge