UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES of the EMPIRE STATE
CARPENTERS WELFARE, PENSION ANNUITY,
APPRENTICESHIP, CHARITABLE TRUST,            MEMORANDUM & ORDER
LABOR MANAGEMENT COOPERATION and             11-CV-0046(JS)(AKT)
SCHOLARSHIP FUNDS,

                      Plaintiff,

        -against-

DARKEN ARCHITECTURAL WOOD,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Owen M. Rumelt, Esq.
                   Levy Ratner P.C.
                   80 Eighth Avenue, 8th Floor
                   New York, NY 10011-5126

For Defendant:     No appearances.

SEYBERT, District Judge:

     Pending before the Court is Magistrate Judge Kathleen A. Tomlinson's Report and Recommendation ("R&R"), issued on January 17, 2012. For the following reasons, the Court ADOPTS this R&R in its entirety.

## BACKGROUND

     Plaintiffs commenced this action on January 5, 2011 seeking an audit of Defendant's wage, payroll, and personnel records as well as reasonable attorneys' fees and costs pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Defendant did not answer the

Complaint or otherwise appear in the action. Plaintiff moved for an entry of default on March 17, 2011 (Docket No. 3), which was entered by the Clerk of the Court on March 21, 2011 (Docket No. 4). On July 20, 2011, Plaintiffs moved for default judgment and an award of damages (Docket No. 5), and on August 3, 2011, the Court referred Plaintiffs' motion to Judge Tomlinson (Docket No. 7).

Judge Tomlinson issued an R&R on January 17, 2012 recommending that a default judgment be granted (1) compelling the Defendant to permit an audit of Defendant's books and records for the period of January 1, 2007 through the date of judgment, and (2) an award of attorneys' fees and costs totaling $1,305.00.

No party has objected to any portion of Judge Tomlinson's R&R.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Tomlinson's R&R. And the Court finds her R&R to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

CONCLUSION

Judge Tomlinson's R&R is ADOPTED in its entirety, and Plaintiffs' motion for a default judgment is GRANTED. The Court hereby ORDERS Defendant to permit and cooperate in the audit of its books and records and provide Plaintiffs with information, books, records, and reports for the period between January 1, 2007 and the date of judgment in accordance with ERISA and the collective bargaining agreement between the parties within thirty (30) days of the entry of judgment. In addition, the Court awards Plaintiffs attorneys' fees and costs in the amount of $1,305.00.

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  12 , 2012
       Central Islip, NY